IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BRADY STEVEN BATES                                                                        PLAINTIFF

                v.                    Civil No. 5:16-cv-05240

SHERIFF TIM HELDER;                                                                     DEFENDANTS
DEPUTY R. MARSH; and
CORPORAL S. SMITH

**OPINION**

Plaintiff filed this action pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*. Currently before the Court is the motion to dismiss (Doc. 8) for failure to state a claim filed by Separate Defendant, Sheriff Helder, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has not responded to the motion to dismiss.

**I.     BACKGROUND**

Plaintiff is incarcerated in the Washington County Detention Center. On December 10, 2015, Plaintiff was taken to Washington Regional Medical Center where he alleges Deputy Marsh and Corporal Smith held him down while a nurse forcibly inserted a catheter. (Doc. 1). Plaintiff contends Deputy Marsh and Corporal Smith used excessive force against him when they held him down despite his begging them not to do so. (Doc. 1).

Plaintiff has sued Deputy Marsh and Corporal Smith in both their individual and official capacities. (Doc. 1). Plaintiff lists Sheriff Helder as a Defendant, but he does not mention him in the statement of his claim. (Doc. 1). In a supplement (Doc. 17) to the Complaint, Plaintiff does not list Sheriff Helder as a Defendant or mention him in the statement of his claim. (Doc. 17). Instead, he only asserts a claim for "trespass against [his] property" based on the December 10,

1

2015, actions of Deputy Marsh and Corporal Smith. (Doc. 17). In the supplement, Plaintiff also states that he was taken to the emergency room of the Springdale Hospital rather than Washington Regional. (Doc. 17).

## II. LEGAL STANDARD

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Braden v. Wal–Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S. at 678. While the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support his claims. *See Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004).

## III. DISCUSSION

Sheriff Helder argues the even accepting Plaintiff's allegations as true, the Complaint fails to state facts showing the he conducted any wrongful activity or caused any alleged damage or injury. Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, plaintiff must allege that defendant acted under color of state law and that he violated a right secured by the Constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999). The deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a

2

constitutional right under § 1983. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986).

A claim of deprivation of a constitutional right cannot be based on a *respondeat superior* theory of liability. *See Monell v. Department of Social Services*, 436 U.S. 654, 694 (1978). "[A] supervisor is not vicariously liable under 42 U.S.C. § 1983 for an employee's unconstitutional activity." *White v. Holmes*, 21 F.3d 277, 280 (8th Cir. 1994); *see also Whitson v. Stone County Jail*, 602 F.3d 920, 928 (8th Cir. 2010) ("In a § 1983 case, an official is only liable for his own misconduct and is not accountable for the misdeeds of his agents under a theory such as respondeat superior or supervisor liability") (internal quotations omitted); *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) ("general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability").

"Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability of the supervisory defendant, [Plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007) (*quoting Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006)); *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (no evidence that the defendants were doctors or were personally involved in making medical decisions about treatment); *Mark v. Nix*, 983 F.2d 138, 139-40 (8th Cir. 1993) (section 1983 liability requires some personal involvement or responsibility). Here, Plaintiff has not alleged the Sheriff was present at the hospital, involved in the decision to take Plaintiff to the hospital, or was even aware that Plaintiff was taken to the hospital. Plaintiff has established no causal link or direct responsibility of Sheriff Helder to the alleged deprivation of rights. Sheriff Helder is not liable in his individual capacity for his staff's actions.

Official capacity claims are "functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). In this case, the official capacity claims against Sheriff Helder are treated as claims against Washington County. *See Murray v. Lene*, 595 F.3d 868, 873 (8th Cir. 2010).

A Plaintiff "seeking to impose liability on a municipality under § 1983 [must] identify [an unconstitutional] policy or custom that caused the plaintiff's injury." *Board of County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 403 (1997). "There are two basic circumstances under which municipal liability will attach: (1) where a particular municipal policy or custom itself violates federal law, or directs an employee to do so; and (2) where a facially lawful municipal policy or custom was adopted with 'deliberate indifference' to its known or obvious consequences." *Moyle v. Anderson*, 571 F.3d 814, 817-18 (8th Cir. 2009) (citation omitted).

Plaintiff has not alleged a plausible "policy" claim, as he has not pointed to "any officially accepted guiding principle or procedure that was constitutionally inadequate." *Jenkins v. County of Hennepin*, 557 F.3d 628, 633 (8th Cir. 2009). Merely alleging a use of excessive force is insufficient. Plaintiff has not pointed to a "deliberate choice of a guiding principle or procedure made by the institution's official who has final authority in such matters." *Id*.

"[A] custom can be shown only by adducing evidence of a continuing, widespread, persistent pattern of unconstitutional misconduct." *Id*. at 634 (internal quotation marks and citation omitted). Plaintiff has not asserted facts sufficient to state a plausible claim that there was any widespread, persistent pattern of unconstitutional conduct. The official capacity claims against Sheriff Helder should be dismissed.

## IV. CONCLUSION

For these reasons, Separate Defendant Sheriff Helder's motion to dismiss (Doc. 8) is GRANTED, and all claims against him are DISMISSED WITH PREJUDICE.

IT IS SO ORDERED this 24th day of May, 2017.

*/s/ P.K. Holmes, III*
P. K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE